Porter, Senator.
On the 24th of October, 1829, Hunting-ion became the purchaser, at sheriff’s sale, of all the right and title of Payn to the lands in dispute, and the question arising in the case is, Avhether Rosekrans was entitled to redeem them. It Avas conceded on the argument by the counsel for the defendant, that Rosekrans was not a redeeming creditor in respect to the lands in controversy, Avithin the act of April 12th, 1820, inasmuch as his judgment was not a lien on the whole of the property sold, but only upon the rent-charge mentioned in the special verdict; and unless he Avas entitled to redeem in virtue of some subsequent enactment, the present defence must fail.
The statute under which Rosekrans claimed to redeem, went into operation on the 1st of January, 1830, and the act of 1820 was then repealed. (2 R. S. 372, § 53: id. 779.) But by the 5th section of the repealing act it was provided as follows: “ The repeal of any statutory provision by this act, shall not affect any act done, or right accrued 6cc., previous to the time when such repeal shall take effect; but every such act, right &c., shall remain as valid and effectual as if the provision so repealed had remained in force.” (2 R. S. 779.) An important inquiry then arises, viz. whether any right accrued to Hunting *154 ton by his purchase in October, 1829, which was in conflict with the claim set up by Rosekrans to redeem under the subsequent act of January, 1830.
Before the law of 1820, a purchaser of lands at a sheriff’s sale acquired an absolute right to a deed. The object of that law was to modify this right; and the first section accordingly directed that, instead of giving a deed, the sheriff should give the purchaser a certificate that he would be entitled to a deed, unless the land was redeemed as thereinafter provided. The second section gave the judgment debtor a right to redeem within one year from the sale, by paying the purchase money, and ten per cent, interest. By the third section it was provided that, in case the judgment debtor did not redeem, any creditor of his, having a judgment which was a lien on the land, might redeem within fifteen months from the sale, by paying the purchase money and ten per cent.- interest. It was then declared that, whenever a creditor did so redeem, he should “ be entitled to and acquire all the rights of the original purchaser.”
It is contended that, under the provisions of this law, the purchaser acquired no such right as was protected by the saving clause in the repealing act of 1830 ; and that the latter was designed to protect absolute rights only. I cannot assent to this position. The first section of the act of 1820, and the sheriff’s certificate given in accordance with it, assured the purchaser that he would be entitled to a deed, unless the land was redeemed as thei'einafter provided. Instead of a deed to be given on the sale, as was formerly required, the law authorized the sheriff to give a written promise of a deed, subject only to a privilege of redeeming accorded to the judgment debtor and certain of his creditors. This right, though not entirely absolute, was still valuable, and worth the attention of the legislature; and I think they designed to protect it by the saving clause before alluded to.
To show that the law of 1830, if allowed to control the present question, would interfere with the substantial and even absolute rights of Huntington under his purchase, I might advert to the provision in the previous law which required a redeeming creditor to pay ten per cent, interest on the amount for which the premises were *155 sold, before he was entitled to .a deed. Rosekrans claims to have redeemed under an act which allows the creditor to demand a deed by paying the purchase money with seven per cent, interest. (2 It. iS. 371, 2, §§ 51, 53.)
At the time the sale in question took place, Rosekrans was not a redeeming creditor; and as and against him, therefore, Huntington’s right to a deed was absolute and unqualified. The repealing act of 1830 provided, that such right should remain as valid and effectual as if the law under which it accrued had continued in force. I am therefore of opinion that Rosekrans had not a right to redeem, and that he acquired no title under the sheriff’s deed.
The supreme court seem to have supposed, when this case was before them, that it came within the decision made in The People, ex rel. Fleming, v. Livingston, (6 Wend. 526;) but I apprehend they were mistaken. The only point decided there was, that the formal proceedings to redeem must be conducted according to the act of 1830, if instituted after that time, though the sale took place under the act of 1820—a very different question, it is believed, from the one now presented.
There is a further objection to Rosekrans’ claim to redeem, which seems to me to be fatal. The special verdict finds that, by the deed from Payn to Hull, Payn conveyed all the lands and tenements that were subsequently sold to Huntington by the sheriff, “ excepting so much thereof as was conveyed &c. to Burhans, Bissell and Yale,” under their respective leases. If the fact be so, there was nothing on which the Barringer judgment could be a lien. The counsel for the defendant said, on the argument, that this was the result of a mistake in drawing up the special verdict, and rather seemed to concede that the finding took away the claim of Rosekrans. But we can have no other guide than the error book.
The questions whether the Barringer judgment was a lien upon the interest which Payn had in the lands leased to Burhans, Bissell and Yale, or the rents arising therefrom, supposing these not to have been conveyed to Hull, and whether the rents constitute a specific portion ofi the lot, tract, or parcel sold, *156 within the meaning of the law under which Rosekrans claimed to redeem, are interesting, and if I could command the time, I would examine them; but as the opinion I have already expressed goes to the whole case, it becomes unnecessary.
I think the judgment of the supreme court is erroneous, and shall therefore vote to reverse it.
Root, Senator.
The supreme court decided in this case that the Barringer judgment was a lien upon the rent-charge on the small lots leased by Payn to Burhans, Bissell and Yale; that this rent-charge was a part of the real estate sold to Huntington by the sheriff; and that Rosekrans, the assignee of the Barringer judgment, had a right to redeem the whole, by the revised statutes, in virtue of his lien upon a portion. It might be an important question whether the contingent interest of Payn arising upon these leases, can be regarded as an estate in lands, capable of being described, advertised and sold on execution, in the manner pointed out by the statute; (1 JR. L. 505, § 13; 1 JR. /S'. 369, 370, §§ 35, 42;) and also whether it can be said to constitute a “ specific portion of a lot, tract or parcel” &c., within the meaning of the act under which Rosekrans claims to have redeemed. (1 R. S. 372, § 53.)
The rent-charge, however, was not specifically described by the sheriff in his advertisement, nor does it appear that he designated it at the time of the sale, or professed to sell it. Of course it did not pass to Huntington, the purchaser.' The general description given, viz. all the right and title Sec., would not notify the purchaser that the rent-charge was to be sold, unless the land on which it was charged was also defined and described. It is fit that a person’s estate should be made to go as far as may be to the extinguishment of his debts; but it is also fit that the purchaser should be well assured at the time of the sale; how far the right of redemption may be extended. He is advised of its extent only by the description given of the thing sold, and the liens thereupon which may appear of record. If liens unknown and undescribed can be made to fasten upon the property sold, purchasers could hardly be found who would *157 bid any thing like an equivalent for it. Besides, the law assures the purchaser that he shall have a deed for the property sold, unless, within the time limited, he shall be refunded the purchase money, with a specified amount of interest, by a class of persons who are mentioned. His certificate of sale gives him a vested right to an inchoate interest in the land, subject to be defeated upon certain conditions. Those conditions should be known, or susceptible of being known, at the time of the sale. The interposition of new ones is an invasion of the purchaser’s rights.
There is another, and I think a fatal objection to the decision of the supreme court. Huntington was entitled to a deed, unless redemption was made pursuant to the act of 1820. There is no pretence that it was so made.
I am of opinion that the supreme court erred in giving judgment for the defendant, and shall therefore vote for reversal.
On the question being put, “ Shall this judgment be reversed ?” all the members of the court present who heard the argument, except Senators Bockee and Deyo, voted for reversal.
Judgment reversed.